IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**CASEY S. HEMMINGS**  **PETITIONER**
**REG. #06257-043**

v.   2:09-cv-00016-JJV

**T.C. OUTLAW**
**Warden, FCI-Forrest City**   **RESPONDENT**

## ORDER

Casey S. Hemmings, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2). Respondent filed his first Motion to Dismiss on April 27, 2009 (Doc. No. 6), and Petitioner responded on May 13, 2009 (Doc. No. 9). Respondent subsequently filed a Motion to Dismiss with Incorporated Memorandum of Law on May 29, 2009 (Doc. No. 14). For the reasons that follow, the petition is DENIED.

**I.    Procedural History**

On June 5, 2001, Petitioner Casey S. Hemmings was charged in a three-count indictment in the Southern District of Mississippi. Count One charged Petitioner with a money laundering conspiracy pursuant to 18 U.S.C. § 1956(h). Count Two charged money laundering under 18 U.S.C. § 1956(a)(3)(B). Count Three contained a forfeiture allegation. On September 10, 2001, Petitioner pled guilty to Count One; Counts Two and Three were dismissed. Petitioner was sentenced on March 22, 2001, to 121 months in the Bureau of Prisons, 3 years supervised release, and a $100 special assessment.

Petitioner filed a notice of appeal on March 28, 2002, and was subsequently assigned a United States Court of Appeals case number. However, on June 11, 2002, Petitioner's appeal was dismissed by the Fifth Circuit Court of Appeals based upon a stipulation in the Petitioner's plea agreement where he agreed to waive his right to direct appeal of the conviction and sentence imposed.

On March 5, 2003, Petitioner filed his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the United States District Court for the Southern District of Mississippi. The district court denied Petitioner's § 2255 on November 12, 2004, stating that "Hemmings' conclusory allegations of ineffective assistance of counsel and due process violations fail to surmount the formidable barrier presented by Hemmings' own open court assertions at his plea hearing." The court further stated that "Petitioner's motion to vacate, set aside, or correct sentence is not well-taken and shall be denied."

Petitioner subsequently filed a motion for Certificate of Appealability on January 26, 2005, and a supplemental motion for Certificate of Appealability on January 28, 2005 arguing that his constitutional rights were violated because his counsel was ineffective by: (1) failing to develop a defense that he was entrapped by a government informant; (2) participating in efforts to pressure him to sign the plea agreement despite improper coercion concerning his wife and in failing to inform the district court or failing to require the government to inform the court of the improper threats or failing to advise him that his plea could be withdrawn based on the improper threats; and (3) forcing him to sign the plea agreement waiving his rights of review without understanding the consequences of such waiver. Petitioner further argued in his motion that his due process rights were violated because: (1) the district court did not ensure that he fully understood the consequences of waiving his rights of review; and (2) he was specifically targeted by a government confidential informant,

Wendall G. Blount, for personal gain. Finally, Petitioner argued that the district court erred in refusing to grant him an evidentiary hearing.

The Fifth Circuit held on May 19, 2005, that Petitioner's C,ertificate of Appealability should not issue. Specifically the Court stated that "Hemmings has failed to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." In regards to Petitioner's allegations that the district court erred in refusing to hold an evidentiary hearing, the Court stated "[r]easonable jurists would not debate the correctness of the district court's procedural determination that an evidentiary hearing was not required." *United States v. Hemmings*, No. 05-60012 (5th Cir. Apr. 6, 2006)

Pending now before this Court is Petitioner's § 2241 petition filed on February 10, 2009. Petitioner alleges that he is "actually innocent" of money laundering under *United States v. Santos*, 128 S.Ct. 2020 (2008) and *Regalado Cuellar v. United States*, 128 S.Ct. 1994 (2008). Petitioner further argues that *Santos* applies retroactively and therefore the indictment was insufficient to sustain a violation of the federal money laundering statute, 18 U.S.C. § 1956. Having carefully reviewed Petitioner's argument that he is "actually innocent," this Court has construed his argument as attacking his conviction and sentence; therefore, this Court does not have jurisdiction to render a decision on these claims.

Respondent argues that this Court lacks jurisdiction to hear Petitioner's § 2241 claims because the Petitioner is challenging his conviction and sentence. According to the Respondent, such challenges are only cognizable in a § 2255 motion, unless the Petitioner can prove that a § 2255 motion is an inadequate or ineffective method for challenging the conviction. Respondent argues that Petitioner cannot meet this burden. Furthermore, Respondent alleges that *Santos* does not apply retroactively.

**II.     Findings**

Petitioner's argument that he is "actually innocent" attacks his conviction and sentence and should have been presented in a § 2255 petition. For this reason, this Court does not have jurisdiction to render a decision on these claims.

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 125 S.Ct. 2984 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. While the Petitioner is currently incarcerated in the Eastern District of Arkansas and this Court retains jurisdiction to decide a habeas corpus petition under § 2241, Petitioner's claim of "actual innocence" directly attacks the legality of his conviction and sentence and should have been presented in a § 2255 petition, which must be filed in the District Court for the Southern District of Mississippi, or to the appropriate court of appeals, the United States Court of Appeals for the Fifth

Circuit.

However, "§ 2255 contains a narrowly circumscribed 'safety valve' that permits a federal prisoner to petition for a writ of habeas corpus under § 2241 if it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[1] 28 U.S.C. § 2255(e). The Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d. at 959.

When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963.

Petitioner's convictions have already been thoroughly reviewed by the district court and the court of appeals. Petitioner's direct appeal was dismissed; his § 2255 motion was denied; and his Motion for Certificate of Appealability was not issued by the United States Court of Appeals for the

---

[1] *See also, United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion ... (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied... (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , ... (citations omitted), or because a second or successive § 2255 has been dismissed, ... (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

5

Fifth Circuit. Aside from being unsuccessful in his attempts to set aside his sentence, Petitioner does not state a sufficient basis for this Court to find his § 2255 remedy was in any way "inadequate or ineffective."[2] Accordingly, this Court lacks jurisdiction and cannot entertain his petition under 28 U.S.C. § 2241.

## III. Conclusion

Because this Court lacks subject matter jurisdiction over Petitioner's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2), Respondent's Motion to Dismiss (Doc. No. 14) is GRANTED. Petitioner's petition is DISMISSED without prejudice and the relief requested is DENIED.

IT IS SO ORDERED this 16th day of September, 2009.

 _____
 JOE J. VOLPE
 UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also fails to prove that his claim is based on a retroactively applicable Supreme Court decision. No court or Justice of the Supreme Court has declared that *Santos* applies retroactively. *See United States v. Iacaboni*, 592 F. Supp. 2d 216, 219 (D. Mass. 2009); *United States v. McDade*, 2009 WL 1043900 (W.D. La. 2009); *Vaughan v. United States*, 2008 WL 2945449 *3 (W.D.N.C. 2008).